John B. KILROY, Sr., Zev Yaroslavsky, Arthur K. Snyder, and John B. Ferraro, Plaintiffs-Appellants,

v.

John R. QUARLES, Jr., in his official capacity as Acting Administrator of the United States Environmental Protection Agency; United States Environmental Protection Agency; Paul DeFalco, Jr., in his official capacity as Regional Administrator, Region IX, United States Environmental Protection Agency; The State Water Resources Control Board; John E. Bryson, in his official capacity as Chairman of the State Water Resources Control Board; Region IV of the California Regional Water Quality Control Board: and Raymond M. Hertel, in his official capacity of Executive Officer of Region IV of the California Regional Water Quality Control Board, Defendants-Appellees.

City of Torrance, a Municipal Corporation, Plaintiff-Intervenor.

No. 77-3844.

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1980.

Robert K. Best, Pacific Legal Foundation, Sacramento, Cal. (argued), Roger Freeman,

Torrance, Cal., on brief, for plaintiffs-appellants.

Edward J. Shawaker, Washington, D.C., for defendants-appellees.

Before SNEED and TANG, Circuit Judges, and CAMPBELL,* District Judge.

SNEED, Circuit Judge:

Plaintiffs-appellants, three sometime members of the Los Angeles City Council and one Los Angeles property owner, and plaintiff-intervenor, the City of Torrance, challenge the district court's refusal to grant a preliminary injunction prohibiting defendants-appellees, the Acting Administrator of the United States Environmental Protection Agency (EPA), the agency itself, the agency's regional administrator for the affected region, the California State Water Resources Control Board, its chairman, the affected division of the California Regional Water Quality Control Board, and its executive officer, "from funding, requiring, directing implementation of, or otherwise participating in" a temporary landfill project that disposes of the Los Angeles waste water treatment plant's sludge product. This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291(a)(1) (1976). We affirm.

The requested preliminary injunction would prevent the EPA's alleged avoidance of the requirement, contained in the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.* (1976), that the agency prepare an environmental impact statement (EIS) before taking "major Federal actions significantly affecting the quality of the human environment." *Id.* § 4332. The agency action that supposedly falls within the requirement is the inclusion in a National Pollutant Discharge Elimination System (NPDES) permit, issued pursuant to section 402 of the Federal Water Pollution

* Honorable William J. Campbell, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Control Act Amendments of 1972, 33 U.S.C. §§ 1251–1376 (1976 & Supp. I 1977), *id.* § 1342, of a compliance schedule requiring Los Angeles' Hyperion Waste Water Treatment Plant gradually to abandon its practice of discharging sludge into the ocean. Compliance schedules in NPDES old source permits are exempt from the usual EIS requirement, 33 U.S.C. § 1371(c) (1976), although grants of federal funds by the EPA to help finance projects made necessary by permits are not. The appellants complain that what the EPA has done in issuing this permit is to anticipate a decision that belongs to the grant process, namely, the decision to provide financial aid for a particular project of construction and equipment modification. We find no error, however, in the district court's factual finding that the project was a condition of the permit, and we agree with the holding that this condition comes within the exemption. *Pacific Legal Foundation v. Quarles,* 440 F.Supp. 316, 320–21 (C.D.Cal.1977). The appellants urge as a separate basis of their appeal that the EPA's alleged adoption of a national policy against ocean disposal of sludge, as reflected in the decision to issue the permit, triggers an EIS requirement. We agree with the district court's admirable discussion of this theory. The denial of the preliminary injunction was therefore a proper exercise of discretion: the district court's reasoning amply demonstrates that the appellants have not shown a likelihood of success on the merits in their suit for a permanent injunction. *Id.* at 321–38; *see Benda v. Grand Lodge of International Association of Machinists,* 584 F.2d 308, 314–15 (9th Cir. 1978), *cert. dismissed,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).

Affirmed.